## GARNER vs BONHAM.

### Opinion delivered January 12, 1899.

*1. Forcible Entry and Detainer—Pleading and Proof—Variance.*

> Where a complaint alleged that on a certain date the plaintiff
> was in the lawful and peaceable possession of certain premises
> and that at that time the defendant forcibly entered thereon
> and forcibly ejected plaintiff therefrom; but the evidence of
> the plaintiff was to the effect that at the time mentioned the
> plaintiff was in fact not in the possession of the premises sued
> for; but the defendant was in peaceable possession, by agree-
> ment, of a portion thereof and that the forcible entry com-
> plained of took place a year previous to the date alleged, it
> was the duty of the court to direct a verdict against the
> plaintiff because of the variance between the pleading and
> the proof.

Appeal from the United States Court for the Central
District.

W. H. H. CLAYTON, Judge.

Action by Frank C. Garner against Victor Bonham.
Judgment for defendant. Plaintiff appeals. Affirmed.

This is an action of forcible entry and detainer, com-
menced by Frank C. Garner against Victor Bonham, for the
possession of certain property located in the town of Coal-
gate, in the Central district of the Indian Territory. The
plaintiff below, in his complaint, states that on the 6th day
of April, 1896, he was in the peaceable and actual posses-
sion of the following named and described lot or tract,
situated and being in the town of Coalgate, Atoka division,
Central judicial district of the Indian Territory: One lot on

the east side of Broadway street, with an 80-foot front on said Broadway street, and 100 feet deep. That on said day, while the plaintiff was in lawful and peaceable possession of said premises, the defendant forcibly entered thereon, and forcibly ejected the plaintiff therefrom, and broke and tore down the fence inclosing said premises, and removed plaintiff's foundation for a house off of said premises, and, appropriated the lumber and other material placed on said premises by plaintiff to his own use and benefit; that the defendant did threaten to kill the plaintiff while said plaintiff was in possession of said premises; that defendant did use such words and make such threats as have a natural tendency to excite fear and apprehension of danger; that the defendant, by threats and circumstances of terror, forced the plaintiff to yield possession of the premises hereinbefore described. To this complaint the defendant filed his answer on November 30, 1897, denying each and every one of the allegations contained in said complaint. On the 1st day of December, 1897, the cause came on to be heard. A jury was impaneled, and the plaintiff was put upon the stand as a witness in his own behalf, and testified, in substance, that he was in possession of a certain lot in Coalgate, was present and building a foundation on the lot, and had his carpenters there at work; that the defendant came upon the lot with two other persons, and by force took possession of it, and threatened to brain him with a two by four scantling. This says the plaintiff in his testimony, was in April, 1895; and a few days afterwards, in order to settle the trouble, and to avoid bringing a lawsuit, he and the defendant agreed that the plaintiff should be entitled to keep a certain part of the lot, and the defendant keep the other part, and that this agreement existed until some time in April, 1896, and that in the meantime he had fenced that portion of the lot which it was agreed that he should keep; and in April, 1896, defendant, in his absence, broke down

(49)

his fence, and pushed a house upon his portion of the lot, without his consent; that the defendant still holds the lot, and that he brought the lawsuit to recover the whole lot, inasmuch as the defendant had violated the contract. Here the plaintiff rested his case, and the court, upon its own motion, directed the jury to find the issues in favor of the defendant. The plaintiff excepted, filed a motion for new trial, prosecutes his appeal, and assigns as error that the court erred in directing the jury to find the issues in favor of the defendant, and that the court erred in overruling the motion of the plaintiff for a new trial.

*Ralls Bros.* and *J. G. Campbell*, for appellant.

*G A. Pate* and *R. L. Williams*, for appellee.

SPRINGER, C. J. This case involves but one question, viz. as to whether the court erred in directing the jury to return a verdict in favor of the defendant. The only evidence in the case was given by the appellant, who was the plaintiff below, and it is set forth fully in the statement of the case. The action of forcible entry and detainer is founded upon sections 3346, 3347, Mansf. Dig. The complaint in the case sets forth a cause of action under these sections. But the proof or evidence submitted does not support the allegations in the complaint. The complaint was to the effect that on the 26th day of April, 1896, the plaintiff was in lawful and peaceable possession of the premises sued for, and that at that time the defendant forcibly entered thereon, and forcibly ejected him therefrom. The evidence in the case was to the effect that at the time mentioned the plaintiff was not in possession of the premises or lot sued for, but that he was in possession of only a portion of the premises; that the premises sued for had been divided into two lots, and that the defendant was in peaceable possession of one of the lots, by agreement of the parties. The evidence also shows that the forcible entry complained of

did not take place in April, 1896, as alleged in the complaint but that it took place in April, 1895, a year previous thereto. It is a well-settled principle of pleading that the proof must support and correspond with the allegations of the complaint. A party cannot in his complaint set forth one state of facts, and support them, so as to entitle him to recover, by proving a different and contradictory state of facts. The plaintiff having, after submitting the testimony indicated, rested his case, it was the duty of the court to direct the jury to return a verdict for the defendant. Counsel for the appellant, in his brief, does not fully and correctly set forth the facts as they were set forth in the complaint; and the counsel for appellee did not, in their brief, point out the imperfect statement contained in appellant's brief. The contentions of counsel on both sides, in their respective briefs, are not responsive to the real issue which was presented to the court at the time the plaintiff rested his case, and this court will not consider the points raised by counsel in their respective briefs. As the case was presented to the court at the close of appellant's testimony, it was the duty of the court to direct a verdict for the defendant. The judgment of the court is therefore affirmed.

TOWNSEND, J., concurs.